No. 8369.

WILLIAM S. CAMPBELL VS. JOHN P. H. SHORT.

35 465
51 437

As a general rule in action of damages, the damages should be estimated and assessed according to the condition of affairs existing before and up to the time of the institution of the suit, and a party is not entitled to recover expenses incurred for fees of counsel and expenses of attending the trial and for loss of time during the pendency of the suit, at least, without an amendment to the pleadings seasonably made, presenting such charges.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Singleton & Browne* for Plaintiff and Appellant.

*W. S. Benedict* and *R. Shackelford* for Intervenor and Appellee.

The opinion of the Court was delivered by

TODD, J. William S. Campbell, having a judgment against John P. A. Short for $1,239.75, caused to be seized, under a writ of *fi. fa.* issued therefrom, several thousand barrels of coal in a coal yard in this city.

F. C. Wilson enjoined the sale of the property, claiming to be owner of it, and prayed that his right thereto be recognized and that he recover $5,000 damages caused by the seizure.

Wilson's pretensions were opposed by Campbell, the seizing creditor, on the ground that the coal belonged to his debtor Short, and that plaintiff's title thereto was a simulation.

There was judgment decreeing Wilson to be the owner of the property, perpetuating his injunction and condemning Campbell to pay $523.83 as damages; and from this judgment he, Campbell, has appealed, and the appellee, by his answer, seeks to amend the judgment by increasing the damages allowed.

The title of Wilson to the property seized is established by the positive testimony of himself and Short. It is shown that the coal was bought with money furnished by him, and that he conducted the coal business in this city through Short as his agent. The fact of Short being the son-in-law of Wilson, instead of discrediting Wilson's claim, really strengthens it, by affording a reasonable explanation why Wilson, a resident of a distant State, should carry on such a business in this city through an agent. The explanation is that he did it, as shown by his testimony, from a desire to assist his daughter.

We cannot give a preponderance over the positive testimony of these witnesses to presumptions invoked against the probability or reasonableness of the transaction from circumstances connected with the relative situations of the parties. We must, as did the District Judge who heard the witnesses, accept their statements as true.

59

This leaves open only the question of damages. We agree with the Judge *a quo* that no loss was shown to result from the seizure as affecting the value of the property during its continuance and until released on bond, as during that time, which was less than a month, the price of coal advanced. We also agree with him that there is no ground to inflict punitive or vindictive damages. We, however, differ with him in regard to the amount or extent of damages. In estimating the amount, the Judge allowed for loss of time and expenses incurred during the pendency of the suit. We think the plaintiff should have been limited to such damages as he suffered before and up to the time the suit was brought. The complaint in his petition relates only to losses incurred and damage suffered up to that time. Indeed, the general rule is, that the assessment of damages is to be made and governed by the situation or condition of affairs existing at the time the suit is brought, unless some subsequent loss or damage occurring thereafter is presented properly by an amendment to the pleadings seasonably made. Therefore, we cannot allow for expenses incurred in attending the trial of the cause, and the traveling expenses of coming to this city for that purpose and returning, even admitting that plaintiff's presence was necessary, which is not apparent; nor was he entitled to counsel fees incurred in the prosecution of the suit, the right to recover which was reserved to him in the judgment. A plaintiff in a suit, though successful, has no right to saddle his less fortunate adversary with such a charge. And there is no reason why this suit should be considered an exceptional one in this respect.

The only damage we think the plaintiff is entitled to under the evidence, which we have carefully considered, is one hundred and fifty-eight dollars and thirty-three cents, ($158.33,) allowed for the expenses of his trip to this city and loss of time during his stay here after the seizure was made of his property, but prior to the institution of the suit.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount of damages therein allowed to $158.33, with legal interest thereon, and striking out the reservation of the right to recover attorney's fees for the prosecution of the suit, and as thus amended the judgment is affirmed, appellee to pay costs of the appeal.

## DISSENTING OPINION.

MANNING, J. I have not a doubt that the property seized was Short's, and is therefore liable to seizure for his debt, and it is not at all necessary to discredit Wilson in order to reach that conclusion. He is father-in-law to Short, and lives far away. Is it credible that a man

living in the interior of Missouri should engage in a retail coal business in New Orleans, hiring a salaried clerk or agent here to carry it on for him? No doubt Wilson thought he had fixed the matter so securely that Short's coal business could not be disturbed. He had furnished the money to carry it on, and had put on record a power of attorney to Short, so that nothing was wanting to give the arrangement a plausible appearance or *vraisemblance* to a *bona fide* agency. But underneath all this it is manifest to me that this was nothing more nor less than a device to hide the actual fact. Wilson did not expect or intend to derive a dollar of revenue from this business. He intended that Short and Short's family should have it all, and that makes it Short's property.

But even if I thought otherwise, I could not consent to mulct Campbell in damages for seizing property which he had every reason to believe belonged to Short. These two men had had a contract for coal. Campbell sold and Short bought a quantity of it. The very judgment Campbell was executing was for coal not paid for by Short. Why should he not believe that his debtor, whom he found pursuing the same business as before, was carrying it on as before, and that the property was his own? The answer is, he was warned it was otherwise. He was told that Wilson, a man in Missouri, had set up the retail coal business here, and Short was only his agent. Why should he not believe that this was only a screen, and a very transparent one, to illegally protect his debtor's property from his pursuit. I think appearances indicated it, and even if the fact was otherwise, he ought not to be mulcted in damages for acting on a belief that was reasonable.

## CONCURRING OPINION.

Poché, J. I concur in this opinion.